# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KIMBERLY D. CLEMONS,**                                                                            **PLAINTIFF**

**V.**                                                                                         **CIVIL ACTION NO. 2:09-CV-64**

**DOLLAR GENERAL CORPORATION**                            **DEFENDANTS**
**and DOLGENCORP, LLC**

## ORDER

Plaintiff Kimberly Clemons seeks and order compelling defendants Dollar General Corporation and Dolgencorp, LLC's (collectively referred to as "Dollar General") responses to a number of interrogatories and requests for production of documents [Docket # 62], the majority of which the defendant has generally agreed to, subject to a requested protective order. Docket #65. The motion is fully briefed and ready for review.

Plaintiff alleges intentional discrimination on the basis of sex in violation of Title VII, 42 U.S.C. §2000e-2, violation of the Equal Pay Act, 29 U.S.C. §206, and that she was wrongfully discharged in retaliation for complaints about unsafe and illegal conditions at her place of employment. Doc.# 1. Plaintiff's' employment was terminated in April of 2008. *Id.* Dollar General asserts that plaintiff was terminated because she brought her child to work and used profanity in violation of company policy**.** Docket #65.

### I. Disputed Discovery Requests

The Fifth Circuit adheres to a broad and liberal treatment of the federal discovery rules. *U.S. v. Holley,* 942 F.2d 916, 924 (5th Cir. 1991), citing *Hickman v. Taylor*, 329 U.S. 429, 501 (1947). In civil cases, the parties are entitled to all information relevant to the subject matter of the action before the court that is not privileged. *Wehling v. Columbia Broad. Sys.,* 608 F.2d

1084, 1086 (5th Cir.1979); Fed.R.Civ.P. 26(b)(1). Discovery requests are relevant when they seek evidence that is admissible or "reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990), quoting Rule 26. However, the Circuit also recognizes that although "[f]ull and complete discovery should be practiced and allowed, . . . its processes must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered." *Jones v. Metzger Dairies, Inc.*, 334 F.2d 919 (5th Cir. 1964).

Furthermore, where a protective order is sought, the burden is on the party resisting discovery to show good cause for the necessity of its issuance based upon specific facts rather than stereotyped and conclusory statements. *U.S. v. Garrett*, 571 F.2d 1323, 1326 (5th Cir.1978). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3rd Cir. 1986), citing *Garrett*.

Given the large number of requests in dispute, the court addresses them individually, grouping similar requests by relevant subject matter.

### A. Requests for General Corporate Information

**INTERROGATORY NO. 1:** Please provide an organizational chart staring with your chief executive officer *(e.g., President, CEO;* and listing all of your job positions and the names of the individuals that held those positions for the years 2006-2009.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Without waiving any objections, Clemons was employed at Dollar General Store No.1169 which is located in Southhaven, Mississippi. This store is one of the stores in District 443. The District Manager is Gerald Brown. Mr. Brown reported to Regional Manager Brian Davis.

To support an objection to a production request, the party must do more than merely say

that a production request was overly broad, burdensome, oppressive and irrelevant. *McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Here Dollar General offers that the requested information would cover some 8900 stores in 35 states [Doc. #65, p. 2]. The request for <u>all</u> the positions and names of individuals filling those positions throughout the company is without question overly broad.

As to the issue of relevance the court finds *Marshall v. Westinghouse Electric Corporation,* instructive: "[I]n the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination – the employing unit or work unit . . . . To move beyond that focus the plaintiff . . . must show a more particularized need and relevance." 576 F.2d 588, 592 (5th Cir.1978); *see also EEOC v. Packard Electric Division, General Motors Corp.*, 569 F.2d 315 (5 Cir. 1978).

Plaintiff essentially seeks identification of all employees company-wide, the majority of whose identities are not relevant to her claims, for a period of five years. The court finds plaintiff is entitled to the names and titles of persons in the direct chain of command starting with plaintiff's former position and working upward to the highest level of the company, for the years 2006-2009. Therefore, plaintiff's motion to compel on this issue is granted in part and denied in part. Dollar General is ordered to provide the names and titles of persons in the direct chain of command starting with plaintiff's former position and working upward to the highest level of the company for the years 2006-2009 to the plaintiff by May 26, 2010.

> **INTERROGATORY NO.4:** For each civil action for which you have been named as a defendant since January 1, 2005 as a result of allegations of gender discrimination in violation of the Title VII of the Civil Rights Act and/or the Equal Pay Act, please provide:
>
> a. The full case style and civil action number;

b. The date of the complaint's filing;
c. Identify the name and address of the court in which the action was filed; and
d. Describe fully the final disposition of the action.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Furthermore, the Interrogatory is overly broad and unduly burdensome and not sufficiently limited in temporal or geographic scope.

In support of this request, plaintiff argues that Fifth Circuit case law allows for the discovery of "complaints of employment discrimination both before and after the plaintiff's termination" regardless of whether only individual relief is being sought [Doc.#62, citing *Burns v. Thiokol Chemical Corp.,* 483 F.2d 300, 306 (5th Cir. 1973)].

**INTERROGATORY NO.5:** For each occasion on which you have been required to respond to a charge of gender discrimination filed with the United States Equal Employment Opportunity Commission since January 1, 2005 until January 1, 2009, please state:

a. The EEOC charge number;
b. The name and address of the district office in which the charge was filed;
c. The name, address, telephone number of the charging party(s); and
d. Summarize the outcome of the resulting administrative proceedings.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it seeks confidential information and is overly broad and unduly burdensome and not sufficiently limited in temporal or geographic scope. Furthermore, the Interrogatory seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO.1:** A copy of all summons [sic] and complaints served on the defendants during the years 2005, 2006, 2007, 2008, and 2009, alleging a cause of action for gender discrimination under Title VII of the Civil Rights Act of 1964 and/or the Equal Pay Act by plaintiffs who had worked for you.

**RESPONSE:** Defendants object to this Request on the grounds that it seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Further, this Request is overly broad and unduly burdensome and not sufficiently limited in temporal or geographic scope.

Although there is no Fifth Circuit case law directly on point, other courts have adopted the

position that information regarding other claims and lawsuits brought against defendants are irrelevant to a new plaintiff's action in Title VII litigation. *See, e.g. Frost v. American Lung Assoc.*, No. H-06-310, 2009 WL 1636944 at *1 (S.D. Tex. June 11, 2009), citing *Prouty v. National R.R. Passenger Corp.*, 99 F.R.D. 545, 549 (D.D.C.1093); *Burks v. Oklahoma Publ'g Co.,* 81 F.3d. 975, 981 (10th Cir.), *cert. denied,* 519 U.S. 931 (1996).

Furthermore, plaintiff's reliance on *Burns* is misplaced. The facts at issue in that case are clearly distinguishable from this one. In *Burns,* the plaintiff was denied access to an overall statistical picture of the racial mix among employees at the alleged offending company for a relevant period of time. 483 F.2d at 306. In this interrogatory and request for production, plaintiff requests far more than a relevant number of persons filing complaints on the basis of gender discrimination and equal pay violations. Rather, she asks the court to compel Dollar General to provide complete contact information for any complainant, case numbers, and full details on disposition of any complaint filed with any court, or summons served in any matter, over a period of four years on the basis of gender discrimination and/or equal pay.

The court finds the requested information is overly broad, unduly burdensome, and irrelevant. The court also finds that the request for every EEOC charge filed during the same period is overbroad, even though, as plaintiff points out, the scope of those charges is limited to gender discrimination. Anyone can file a charge with EEOC, whether their claims have merit or not; this is why EEOC has a lengthy investigation process. Furthermore, these investigations and details regarding charges filed are strictly confidential under 42 U.S.C. §2000e-8(e). Allowing discovery of this information could only serve to provide plaintiff with means to draw conclusory inferences which do not necessarily have any basis in fact and are therefore irrelevant.

Accordingly, the motion to compel response to Interrogatories Nos. 4 and 5 and Request for Production No. 1 is denied.

### B. Requests for Information Pertaining to Other Employee

**INTERROGATORY NO. 11:** In reference to your response to Interrogatory No. 10, identify all other employees or independent contractors that have done work for you that also failed to perform the duties of their position or violated company policy as you allege did Ms. Clemons (in your response to Interrogatory no.10) during the calendar years: 2009,2008,2007,2006, and 2005, and include their name, address, telephone number, the date of the failure or violation, the specific nature of the failure or violations, and what action was taken by you as a result of that failure.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. The Interrogatory is not sufficiently limited in geographic and temporal scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, any information regarding independent contractors is confidential business information, not relevant to any claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence. It is impossible for Defendants to be aware of every instance that any of its employees failed to perform the duties of their position or violated company policy. Defendants further object to this Interrogatory on the grounds that it seeks confidential information regarding non-parties to this action.

**INTERROGATORY NO. I5:** For each employee fired or otherwise discharged by the defendant for the same or similar reasons that you purportedly terminated the Plaintiff between 2005 and 2009, state:

A. Name and last known address.
B. Age, gender, and race.
C. Educational background.
D. Date of initial employment.
E. Job classification or job title and salary or wage rate at the time dismissed, fired or terminated.
F. Date of dismissal.
G. Reason for dismissal.
H. Name of the person who authorized or approved the dismissal.
I. The number of warnings, charges or complaints, whether formal or informal, previously filed against each employee. For each such warning, charge, or complaint, give the basis for each such warning, charge or complaint and the name of the person instigating, initiating, or filing it.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is overly broad and not sufficiently limited in temporal and geographic scope. Defendants further object to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Defendants specifically object to the requests in subparts B and C to provide age, race, and educational background information which is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the grounds that it seeks confidential information regarding non-parties to this suit.

**REQUEST FOR PRODUCTION NO.3:** Employee Personnel files of all individuals identified by you in Response to Interrogatory No. 15, including a copy of their resume and/or employee application, and excluding their social security numbers, dates of birth, and information about compensation.

**RESPONSE:** Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and not sufficiently limited in temporal or geographic scope. Further, the Request seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it seeks confidential information of non-parties to this suit. Additionally, see Defendants' answer to Interrogatory No. 15.

In support of these requests, plaintiff asserts that because it is her task to demonstrate that similarly situated employees were not treated equally, she must be afforded an opportunity to review the requested information to allow her to make a prima facie showing. [Doc. #62, citing *Tex. Dep't of Cmt. Affairs v. Burdine*, 450 U.S. 248, 258 (1981).]

Production of employment records should not be ordered, absent a compelling demonstration of relevance, due to the inherent privacy interests. *Miller v. Federal Express Corp.*, 186 F.R.D 376, 384 (W.D. Tenn., May 11, 1999). To obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. November 24, 1997); *See also Shedlock v. UPMC Presbyterian Inc.*, 2004 WL 3155117 (Pa. Com. Pl), 69 Pa. D. & C. 4th 1 (November 17, 2004). In instances where non-party personnel files are relevant and may

lead to admissible evidence, a protective order can help to mitigate the invasion of the privacy of the non-party . *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994).

Plaintiff requests the personnel files of individuals who are not parties to this action. She in some of her requests seeks personnel files for potentially thousands of employees and former employees, as well as records pertaining to non-employees. As discussed above, the sheer volume and breadth of the requested information is overly broad and unduly burdensome. As to relevance, the court again finds *Marshall* instructive on this issue. 576 F.2d at 592. The natural focus in an employment discrimination case is the source of the alleged discrimination – here, Store #3952 in Horn Lake, Mississippi and the chain of command upward from that location. To move beyond that focus, plaintiff "must show a more particularized need and relevance." The only support for a broader request plaintiff has offered is that the two decision-makers identified for her termination, Gerald Brown, a district manager, and Chris Hicks, a Field Employee Relations Manager have authority for more than just the Horn Lake store. Doc. #66. This contention, while valid, however, ignores the court's greatest concern, which is the protection of non-party employees' privacy. Absent a more compelling showing by the plaintiff, the court must deny the requests and interrogatories concerning non-party employees or contractors.

The plaintiff's motion to compel is denied as to Interrogatory Nos. 11 and 15 and Request for Production No. 3.

> **INTERROGATORY NO. 8:** Identify all employees that worked for you at the Horn Lake, Mississippi store, #3952 from January 2006 to March 30, 2009, and for each, state their job title, address, and telephone number.
>
> **ANSWER:** Defendants object to this Interrogatory on the grounds that it is overly broad in temporal scope and seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Without waiving any objections, after entry of a Protective Order, Defendants will identify each employee who

worked at the Horn Lake, Mississippi store, #3952, from November 14,2007 to April 29, 2008, the dates of Plaintiff's last employment with Dolgencorp, LLC. The current and former management employees, which include the Store Manager, Assistant Store Manager, and Lead Sales Associate, may be contacted c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.E., Memphis, TN 38119, (901) 767-6160.

In this interrogatory plaintiff limits her request to the Horn Lake Store and seeks information only for the period January 2006 through March 2009. Despite Dollar General's argument that plaintiff is not entitled to information about employees outside her relevant period of employment, the court finds this request is reasonably calculated to lead to admissible evidence and therefore seeks discoverable information. The Fifth Circuit has recognized that "the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." *Trevino v. Celanese Corp.,* 701 F.2d 397 (5th Cir. 1983), citing *Rich v. Martin Marietta Corporation*, 522 F.2d 333, 343 (10th Cir.1975). The court grants plaintiff's request to compel Dollar General's response to Interrogatory No. 8. Recognizing the need to balance the privacy interests of the non-parties whose information is being sought with the plaintiff's need for the information, and the response to this interrogatory is compelled subject to the protective order discussed later in this opinion. *See Williams v. Roy O. Martin Lumber Co., LLC*, 51 Fed. Appx. 483, *6 (5th Cir. 2002).

> **INTERROGATORY NO. 14:** List all assistant managers you had from January 1, 2006 to December 30, 2008 in the tri-state area (Mississippi, Arkansas, and Tennessee), and for each individual, state their name, address, telephone number, gender, and rate of compensation during these years.
>
> **ANSWER:** Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome and not sufficiently limited in geographic and temporal scope. Defendants further object to this Interrogatory to the extent that it seeks confidential information of non-parties to this suit. Without waiving any objections, after entry of a protective order, Defendant will provide the identity of the Assistant Store

Managers in Plaintiffs district from December 1, 2007 to April 28, 2008, the duration of Plaintiffs employment as an Assistant Store Manager. As management employees, these individuals may be contacted *via* Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Memphis, TN 38119, (901) 767-6160.

For plaintiff to establish her prima facie burden of demonstrating disparate treatment through alleged comparators, she must show they were similarly situated, *i.e.*, in "nearly identical circumstances." *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir.2001). Where different decision makers or supervisors are involved, their decisions are rarely "similarly situated" in relevant ways for establishing a prima facie case. *Thompson v. Exxon Mobil Corp.*, 344 F.Supp.2d 971 (E.D.Tex.2004), citing *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir.2000). Employees are not in nearly identical circumstances when their actions were reviewed by different supervisors. *Little v. Republic Refining Co., Ltd.,* 924 F.2d 93 (5th Cir.1991).

The court finds that the most relevant information regarding store managers concerns those who had responsibility for the Horn Lake store where plaintiff was employed. As noted, a protective order helps to minimize the intrusion into a non-party's privacy, therefore, subject to the Protective Order discussed below, the defendants' must supply the information to the plaintiff by May 26, 2010. The court finds that the time frame requested for the information is reasonable. Thus, subject to a protective order, the defendants must provide the identity of the Assistant Store Managers in Clemons' district from January 1, 2006 to December 30, 2008. The plaintiffs' motion to compel this information is granted in part and denied in part.

### C. Requests for Information Pertaining to plaintiff

**INTERROGATORY NO.6:** Describe in detail Kimberly Clemons' job position and duties, and any changes thereof, during the entire time she worked for you. With any changes in her job duties, please list the dates of those changes.

10

> **ANSWER:** Plaintiff was hired as a Sales Associate on March 8, 2005, and remained in the position until May 27, 2005, when she voluntarily resigned her employment with Dolgencorp, LLC. Clemons was rehired by Dolgencorp, LLC as a Sales Associate on November 14,2007, and promoted to Assistant Store Manager on December 1,2007. Plaintiff worked at Dollar General Store No.1 169. After entry of a Protective Order, Defendants will produce copy of the job descriptions for the position of Sales Associate and Assistant Manager.

Dollar General's response to this request is complete, but for the production of job descriptions for the two positions held by plaintiff, which it requests be covered under a protective order. The court finds Dollar General's articulated reasoning with regard to competitive advantage in the construction of its internal communications, including job descriptions persuasive. Therefore, the plaintiff's request for a response to Interrogatory No. 6 is compelled subject to the protective order discussed later in this opinion.

> **INTERROGATORY NO. 19:** Are there any written evaluations of the Plaintiff's performance during Plaintiff's tenure with the company? Do you have any other documents reflecting the Plaintiff's performance during the time that Plaintiff was employed by you? If so, please describe, and please provide copies of such documents.[1]
>
> **ANSWER:** Responsive, non-privileged documents, if any, will be produced after entry of a protective order.
>
> **INTERROGATORY NO. 20:** Was the Plaintiff ever counseled in any way regarding Plaintiff's conduct or performance? If so, please give dates, and names of persons participating in such counseling.[2]

---

[1] Dollar General asserts that it has now produced the relevant and non-privileged responsive portions of the documents requested in Interrogatory 19, a representation that plaintiff contests. Absent any Notice of Service for this information, the court must presume this information has not yet been transmitted. None is on file with the court as of the date of this Order.

[2] Dollar General asserts that it has now produced the relevant and non-privileged responsive portions of the documents requested in Interrogatory 20, a representation that plaintiff contests. Absent any Notice of Service for this information, the court must presume this information has not yet been transmitted. None is on file with the court as of the date of this Order.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it is impossible for Defendants to identify every instance that Plaintiff may have been counseled in any way regarding her conduct or performance.

The information sought in these inquiries is clearly relevant and is the type of basic information that fits within the broad scope of discovery so long as the production is limited to case-related information. If it has not done so already, Dollar General is compelled to produce the information requested in Interrogatories No. 19 and 20 to Ms. Clemons.

**INTERROGATORY NO. 10:** Identify any and all instances whereby you claim that Plaintiff failed to perform the essential duties of her position and/or violated company policy with you, and include the dates of her failure, the specific nature of the failure, a reference to any manual, handbook, or other corporate document that identifies the resulting consequences of that failure, and what action was taken by you as a result of that failure.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. It is impossible for the Defendants to be aware of every instance that Plaintiff failed to perform the essential duties of her position or violated Company policy. Without waiving any objections, on April 23,2008, Plaintiff violated Company policy by bringing her child to work and by using profanity. After entry of a Protective Order, Defendants will produce the relevant portions of the Employee Handbook which will include information regarding Defendants policies dealing with personal visits, child care, workplace violence, and employee conduct.

**REQUEST FOR PRODUCTION NO.5:** A copy of any and all training materials, job position, specifications, company policies or other requirements, employee handbooks, or any other documents that applied to plaintiffs employment.

**RESPONSE:** Defendants object to this Request on the grounds that it is vague, overly broad, and unduly burdensome. Without waiving any objections, responsive, non-privileged documents, if any, will be produced after entry of a Protective Order.

As stated previously, documentation relating to the plaintiff is clearly relevant and is the type of basic information that fits within the broad scope of discovery so long as the production is limited to plaintiff's claims in this case. The training provided to plaintiff and the policies and procedures to which she was held during her employment clearly fall within this parameter. The

12

court, however, finds Dollar General's articulated reasoning with regard to competitive advantage persuasive as to production of its internal communications, including training manuals, policies, job specifications and requirements. Therefore, response to Interrogatory No. 10 and Request for Production No. 5 is compelled subject to the protective order discussed later in this opinion.

**REQUEST NO. 12:** A copy of the entire employee personnel file of Plaintiff.

**RESPONSE:** Responsive documents are attached.

Plaintiff asserts that the documents provided as stated above did not represent a complete copy of plaintiff's personnel file. In response, Dollar General advised the court that a complete copy of plaintiff's personnel file was submitted simultaneously with its response to the instant motion, and counsel for plaintiff has confirmed that some supplementary material responsive to this request has been received. Therefore, the court finds the motion to compel response to Request for Production No. 12 is denied as moot.

**REQUEST FOR PRODUCTION NO. 13:** In reference to your responses to Interrogatory Nos. 13 and 17, provide copies of all communications between these individuals dealing with the Plaintiff.

**RESPONSE:** Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. Without waiving any objections, responsive, non-privileged documents, if any, will be produced after entry of a Protective Order.

In her motion to compel, plaintiff clarifies this request by stating it "information directly related to communications between Chris Hicks and Jerry Brown about the Plaintiff's termination" [Doc.# 62, p. 15]. Dollar General has expressed no opposition to providing information in response to this request, but asks that it be covered under the proposed protective order. Dollar General has not, however, articulated any specific need for the confidentiality of this information as it pertains to the plaintiff.

13

The court finds that these communications are discoverable, and plaintiff's motion to compel as to Request for Production No. 13 is granted. Further, the court finds that Dollar General has not demonstrated any need for a protective order with respect to this specific request. Therefore, the request that the information sought in Request for Production No. 13 be covered under such an order is denied.

### D.  Requests for Information Pertaining to Alleged Health & Safety Violations

> **INTERROGATORY NO.7:** Identify all complaints that were made regarding the condition of the Horn Lake, Mississippi Store, #3952 since January 1, 2005 to the present.
>
> **ANSWER:** Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unlimited in temporal and geographic scope, and fails to state the information sought with reasonable particularity. Furthermore, Defendants are unable to determine what is meant by the term "complaint." Without waiving any objections, after entry of a Protective Order Defendants will produce documents regarding ca11s made to the Employee Response Center regarding the Horn Lake, Mississippi Store, #3952. Additiona1ly, Plaintiff received a complaint on or about February 4, 2008 from a customer regarding Store #3952.

Plaintiff's argument in support of compelling additional response to this interrogatory narrows the inquiry to the issue of "mice/rodent infestation" at the store [Doc.# 62, p.6]. Dollar General reasons that this information should be covered by a protective order because persons making complaints do not anticipate that these complaints will be disclosed to third parties.  The court rejects this argument based on the fact that plaintiff has not requested any information regarding the identity of the complainant, but rather that all complaints simply be identified. Further, the court finds that the condition of the store during the requested time frame is reasonable, as it may be used to demonstrate prior and continuing issues with regard to health and safety concerns, which are central to plaintiff's claims. Therefore, plaintiff's motion to compel response to Interrogatory No. 7 is granted, and Dollar General's request that the information

sought in Interrogatory No. 7 be covered under a protective order is denied.

### D.  Requests for Defendants' Financial Information

**INTERROGATORY NO. 22:** State your net worth in dollars as of May 30, 2009.

**ANSWER:** Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses of any party or likely to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the grounds that it is premature in that there has been no showing adequate to support Plaintiff's claim for punitive damages.

Plaintiff bases her request on the need to assess Dollar General's financial condition in relation to her request for punitive damages.  Dollar General labels this argument and request as premature.

As plaintiff note, this court has held that it is only fair that plaintiff's counsel have some idea of the nature and extent of the net worth of the defendant going into the trial; moreover, if the documentation presented is deficient, the plaintiff's counsel should have the means to correct that before trial.  *Liberty Mut. Ins. Co. v. Tedford*, 2008 WL 2080930, *7 FN2 (N. D. Miss. 2008). Meanwhile, Dollar General supports its argument with another decision by this court which holds "the plaintiff's claims must 'allege a set of circumstances which will demonstrate to the [c]ourt at least a real possibility that punitive damages will be at issue.'" *Smith v. Scmidt and McGarland Firm*, 2008 WL 17166146, *1, *quoting*, *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D.Pa.1983). Interestingly, *Smith* also stands for the same proposition argued by Ms. Clemons under *Liberty*. 2008 WL 17166146, *1.

With respect to defendants' financial condition, defendants' true financial condition is relevant to this case if it is determined that punitive damages are appropriate. As pointed out in the referenced cases, the court is aware of a previous case in this district in which a trial had to be

15

delayed to locate and update a previously sealed net worth statement. Accordingly, plaintiff's request to compel information pursuant to Interrogatory No. 22 and Request for Production No. 16 is granted. Although it is not argued by the defendants in this case, due to the sensitive nature of the information, Dollar General is ordered to provide financial information, in a sealed envelope, to plaintiff's counsel by May 15, 2010, with only counsel authorized to view the information..

Counsel is prohibited from revealing the contents of the documents to any other person or entity, including plaintiff. Plaintiff's counsel is ordered to treat the information as strictly confidential until such time as it is received into evidence at the trial. If and when the evidence is ruled admissible at trial, the defendants will be required to have available an updated net worth statement for introduction into evidence. If at any point it is determined that this confidential information is disseminated beyond plaintiff's attorney, sanctions may be imposed for failure to comply with this Order.

## II. The Protective Order

The documents and other information produced by Dollar General in response to discovery requests granted by this Order are subject to the following terms:

1. "Confidential information" means those documents and written responses provided by Dollar General in response to this Order. Those items may be designated as confidential by Dollar General by so indicating on the face of the writing or in any other reasonable manner appropriate to the form in which the confidential information is made available to plaintiff. Confidential information also includes any portion of any document or court pleading which quotes from or summarizes any of the foregoing.

2. No party may disclose documents or other information designated as confidential information to any third party except witnesses, experts and attorneys assisting in this litigation, all of whom will be bound by the terms of the Order and must signify in writing their knowledge of and agreement to the terms of this Order before any disclosure to them.

3. Unless otherwise ordered by the court in this proceeding, confidential information must be held in confidence by the party receiving it and may not be used for any purpose other than the prosecution of this action.

4. If any party uses confidential information such that filing of the information is required, the parties must follow the procedures set out in L.U.Civ.R 79.

5. Nothing in this Order will be deemed a waiver of the rights of Dollar General to oppose discovery on grounds other than that it constitutes or contains confidential information, or to object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

6. Nothing in this Order prevents a party from using confidential information in connection with any trial, hearing or other public proceeding in this matter or from seeking further protection with respect to the use of confidential information in connection with those proceedings.

7. When the party producing a confidential document declares it confidential, that document will remain confidential until the court rules otherwise. In the event the non-producing party challenges the confidentiality of a document by motion, the burden will be on the party claiming confidentiality to demonstrate the need for protection.

8. Within sixty days after the conclusion of this action, all confidential information

and all copies of it must be returned to counsel for Dollar General with written correspondence from plaintiff's attorney confirming that all copies of the documents are being returned, and no documents are being retained by the plaintiff, its attorneys or expert witnesses. Additionally, copies of this Order signed by witnesses, experts and attorneys as outlined in paragraph number two above must be provided to counsel for Dollar General, along with correspondence confirming that all disclosed documents have been returned to counsel for plaintiff with no copies being retained by the plaintiff or her counsel.

### III.     Request for Award of Attorneys Fees and Costs

The court has reviewed plaintiff's request under Fed.R.Civ.P. 37(a) for an award of attorney fees and costs associated with this motion. As this motion is being granted in part and denied in part, an award of these fees is at the court's discretion in light of the arguments presented. Fed.R.Civ.P. 37(a)(5)(C). Many of the disputed requests could have been avoided if plaintiff had drafted more focused interrogatories and requests for production. As much of the contention regarding this discovery is her own doing, plaintiff is not entitled to attorney's fees and costs and her request for such is denied.

It is, therefore, ORDERED:

The defendants' motion for protective order is GRANTED IN PART and DENIED IN PART as outlined in the body of this order. All compelled information must be provided to the plaintiff by May 26, 2010.

This the 18th day of May, 2010.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE