# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

KIMBERLY D. CLEMONS,                                          PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:09CV064-P-A

DOLLAR GENERAL CORPORATION and
DOLGENCORP, LLC,                                              DEFENDANTS.

## ORDER

This matter comes before the court upon the defendants' motion for partial dismissal [85]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) the plaintiff's Title VII failure to promote claim, which was not levied until filing of the Second Amended Complaint, arguing that such a claim was never articulated in her EEOC Complaint.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The scope of a Title VII civil suit is limited to the allegations contained in the charge of discrimination and to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

In addition to her claim that she was terminated based on her gender, the plaintiff's May 5, 2008 EEOC Complaint states in pertinent part: "Also, while I worked for Dollar General, I experienced sex discrimination with respect to the terms and conditions of my employment. For

example, because of my sex, the company paid me less than comparable males and gave me undesirable job assignments." With regard to the failure to promote claim, the plaintiff's Second Amended Complaint states:

> Defendants intentionally discriminated against Plaintiff because of her sex in violation of Title VII, 42 U.S.C. § 2000e-2 and the Equal Pay Act, 29 U.S.C. § 206, by paying her less money than similarly-situated male employees, which included either paying her less than male assistant store managers or failing to promote her and/or pay her the same as a store manager when she was handling all of the duties of a store manager for months, on the basis on her gender.

Second Amended Complaint, ¶9.

The court concludes that a Title VII claim for failure to promote based on gender could "reasonably be expected to grow" out of the factual allegations contained in the plaintiff's May 5, 2008 EEOC Complaint. Therefore, for purposes of Rule 12(b)(6), the plaintiff states a claim for failure to promote that is plausible on its face.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' motion for partial dismissal [85] is **DENIED**.

**SO ORDERED** this the 3rd day of March, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE